IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FREDDIE THOMAS GILBERT, | § | |
| ID # 56638-177, | § | |
| Movant, | § | |
| | § | No. 3:22-CV-2465-B-BT |
| v. | § | No. 3:17-CR-569-B(1) |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

### MEMORANDUM OPINION AND ORDER

Based on the relevant filings and applicable law, the *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, received on November 2, 2022 (doc. 1), is **DENIED** and this action is **DISMISSED WITH PREJUDICE**.

### I.  BACKGROUND

Freddie Thomas Gilbert (Movant) challenges his federal conviction and sentence in Cause No. 3:17-CR-569-B(1). The respondent is the United States of America (Government).

#### A.   Conviction and Sentencing

After pleading not guilty and proceeding to a jury trial on a four-count second superseding indictment, Movant was found guilty of possession of a firearm or ammunition by a felon (Count One), possession with intent to distribute a controlled substance (Count Two), using, carrying, brandishing, and discharging a firearm during and in relation to a drug trafficking crime (Count Three), and murder resulting from the use of a firearm during and in relation to a drug trafficking crime (Count Four). (*See* docs. 61, 84.)[1] At the sentencing hearing, Count Three, as a lesser included offense of Count Four, effectively merged with Count Four and was dismissed. (*See* doc. 97; doc. 115

---

[1] Unless otherwise noted, all document numbers refer to the docket number assigned in the underlying criminal action, No. 3:17-CR-569-B(1).

at 51.) By judgment dated March 9, 2020, Movant was sentenced to concurrent terms of imprisonment of 120 months on Count One, 240 months on Count Two, and life on Count Four, to be followed by three years of supervised release. (*See* doc. 98 at 1-3.) The judgment was affirmed on appeal. (*See* docs. 122-23.) Movant did not file a petition for a writ of certiorari with the Supreme Court.

**B.     Substantive Claims**

In his § 2255 motion, Movant asserts multiple bases of ineffective assistance of trial counsel, and that there was insufficient evidence to support his conviction on Count Four. (*See* No. 3:22-CV-2465-B-BT, doc. 1 at 7.) The Government filed a response on January 3, 2023. (*See id.*, doc. 7.) Movant did not file a reply.

## II.  SCOPE OF RELIEF UNDER § 2255

After conviction and exhaustion or waiver of the right to direct appeal, the court presumes that a defendant has been fairly and finally convicted. *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (citing *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (en banc)). Post-conviction "[r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citation and internal quotation marks omitted); *see also United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001) ("A defendant can challenge a final conviction, but only on issues of constitutional or jurisdictional magnitude.").

## III.  INEFFECTIVE ASSISTANCE OF COUNSEL

In his first ground, Movant asserts several bases of ineffective assistance of trial counsel. (*See*

2

No. 3:22-CV-2465-B-BT, doc. 1 at 7; *id.*, doc. 2 at 2-5.)

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To successfully state a claim of ineffective assistance of counsel, the movant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 687. A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *Id.* at 697. The court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691. To establish prejudice, a movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694; *see also Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (stating that prejudice inquiry focuses on "whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair."). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would reasonably likely have been different absent counsel's alleged errors. *Strickland*, 466 U.S. at 695-96.

A. <u>**Withheld Evidence**</u>

Movant contends that "his trial attorney with[h]eld very critical evidence that could have proven the defendant[']s actual innocence as well as help[ed] the defendant by proving that he was in a different location[] th[a]n the actual crime scene from which the government allege[s] he was at." (No. 3:22-CV-2465-B-BT, doc. 2 at 3.)

Movant makes no effort to identify the "very critical evidence" that his counsel allegedly withheld or explain how it would have proven his innocence. Mere speculation and "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding." *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000); *see also Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990) ("'[M]ere conclusory allegations on a critical issue are insufficient to raise a constitutional issue.'"). His conclusory claim does not satisfy his burden under *Strickland* and does not entitle him to § 2255 relief. The claim is denied.[2]

B. <u>**Failure to Investigate**</u>

Movant contends that "[t]rial counsel failed to investigate and present defendant[']s witness ('Crystal') who could[] have proven [Movant's] whereabouts the day of the allege[d] crimes in this case." (No. 3:22-CV-2465-B-BT, doc. 2 at 3.)

"A defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial." *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989); *see also United States v. Glinsey*, 209 F.3d 386, 393 (5th Cir. 2000). "[T]here is no presumption of prejudice based on the

---

[2] To the extent this claim is premised on Movant's subsequent allegations relating to an uncalled witness, his allegations are addressed in connection with his failure-to-investigate claim.

4

failure to investigate." *Gonzalez v. United States*, No. 5:19-CV-145, 2020 WL 1893552, at *3 (S.D. Tex. Jan. 24, 2020) (citing *Woodard v. Collins*, 898 F.2d 1027, 1029 (5th Cir. 1990)).

"[C]omplaints of uncalled witnesses are not favored in federal habeas corpus review because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have stated are largely speculative." *Day v. Quarterman,* 566 F.3d 527, 538 (5th Cir. 2009). In order "to prevail on an ineffective assistance claim based on counsel's failure to call a witness, the [movant] must name the witness, demonstrate that the witness was available to testify and would have done so, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable to a particular defense." *Id.*; *see also Gregory v. Thaler*, 601 F.3d 347, 352-53 (5th Cir. 2010).

Regarding "Crystal," whom Movant identifies only by first name, Movant provides no facts or evidence demonstrating she was available to testify at trial and would have done so, setting out the content of her proposed testimony, or showing that the testimony would have been favorable to a particular defense. His conclusory statement regarding the alleged content of Crystal's alleged testimony is insufficient to show ineffective assistance based on a failure to call a witness. *See Gregory*, 601 F.3d at 353 (citing *Green*, 882 F.2d at 1003). Additionally, to the extent Movant's claim can be liberally construed to allege an independent claim based on counsel's general failure to investigate, Movant has failed to allege what investigation his counsel should have conducted, what his counsel's investigation would have uncovered that would have been advantageous to him, and how it would have resulted in a different outcome.

Accordingly, Movant has failed to satisfy both *Strickland* prongs and is not entitled to § 2255 relief. The claim is denied.

5

C.  **Mental Health Issues**

Movant contends that "[t]rial counsel was also ineffective in the manner of his defense" because he knew Movant "suffered from mental-illness-issues[.]" (No. 3:22-CV-2465-B-BT, doc. 2 at 4.) He argues that his mental health issues should have been "argued thoroughly by trial counsel," and that trial counsel should have done "more to help the court understand [Movant's] illness." (*Id.*, doc. 2 at 4-5.) He also complains that his absence from the courtroom during the trial left the courtroom and jury "in shock" and "could have [a]ffected the jury outlook on him." (*Id.*).

The undisputed record shows that Movant underwent a court-ordered psychiatric evaluation to determine whether he had a mental disease or defect rendering him incompetent to stand trial; the evaluation concluded that there was no evidence of a major mental illness or disorder. (*See* docs. 15, 25.) Following a competency hearing, the court found that Movant was competent to stand trial. (*See* docs. 27-28.) The record also shows that Movant was removed from the courtroom for the duration of his trial based on his continued disruptive behavior and his own representations to the court that he did not want to be present at trial. (*See* doc. 111 at 3-6.)

Here, aside from conclusory statements and general accusations, Movant does not otherwise explain how counsel failed to thoroughly argue or explain Movant's mental illness issues; nor does he explain or identify what more counsel could or should have done regarding same. His conclusory and unsubstantiated statements are insufficient to establish deficient performance under the first prong of *Strickland*. *See Miller*, 200 F.3d at 282; *Koch*, 907 F.2d at 530. He also provides no facts or evidence beyond conclusory allegations and speculation to show resulting prejudice under *Strickland*, i.e., a reasonable probability that the result of the trial would have been different had counsel made further arguments or explanations about Movant's mental status, or had Movant been present in the

6

courtroom throughout trial. *See Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) ("the mere possibility of a different outcome is not sufficient to prevail on the prejudice prong."). As such, he fails to satisfy his burden under both prongs of *Strickland*, and his conclusory claim is denied.[3]

**D.  Failure to Object**

Movant contends that trial counsel was ineffective because he failed to object to a Government witness's trial testimony "that [Movant] was rapping about killing a girl days before the murder." (No. 3:22-CV-2465-B-BT, doc. 2 at 5.) He argues that the testimony "should have been exempt and not submitted at all." (*Id.*)

Movant's claim is refuted by the record. At trial, the court conducted a bench conference outside the presence of the jury, during which Movant's counsel objected to the rap lyrics testimony and the court heard arguments by the parties and the witness's proposed testimony. (*See* doc. 113 at 105-12.) The court allowed the testimony over counsel's objection. (*See id.* at 112.) Because counsel did in fact object to the challenged testimony, Movant's unsubstantiated claim is without merit and does not warrant § 2255 relief. *See, e.g.*, *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition [ ], unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value."); *Youngblood v. Maggio*, 696 F.2d 407, 410 (5th Cir. 1983) ("The fact that trial counsel was unsuccessful in his efforts does not constitute, in light of the entire record, a basis for habeas corpus relief.")

Further, in rejecting a challenge to the admission of the rap lyrics testimony on appeal, the

---

[3] Movant also appears to allege that trial counsel's knowledge of Movant's mental health issues "caused a conflict of interest between attorney and client[.]" (No. 3:22-CV-2465-B-BT, doc. 2 at 4.) To the extent Movant intended to raise a separate claim on this basis, he offers only conclusory and unsubstantiated allegations to support the claim. Because such allegations are insufficient to carry his burden under *Strickland*, his claim merits no relief, and it is denied.

7

Fifth Circuit held that "there is not a reasonable probability that the admission of testimony about [Movant's] rap song contributed to his conviction." *United States v. Gilbert*, 855 F. App'x 228, 229 (5th Cir. 2021). Accordingly, even if counsel were deficient for failing to further object to the challenged testimony, Movant has failed to satisfy his burden to show resulting prejudice under the second prong of *Strickland*. The claim is denied.

## IV.  INSUFFICIENCY OF EVIDENCE

In his second ground, Movant contends that there was insufficient evidence to support his conviction under Count Four. (*See* No. 3:22-CV-2465-B-BT, doc. 1 at 7; *id.*, doc. 2 at 6.) He argues that "[d]uring the whole pre-trial and trial proceeding there was not one piece of evidence or witness who linked defendant as the killer," and that a "rouge [sic] and tempted witness and the discovery of victim in trunk of car was the only evidence." (*Id.*, doc. 1 at 7; *see also id.*, doc. 2 at 6.)

On direct appeal, Movant "assert[ed] that there was insufficient evidence to support his conviction for murder resulting from the use of a firearm during and in relation to a drug trafficking crime." *Gilbert*, 855 F. App'x at 229. The Fifth Circuit considered and rejected his argument, holding that "the record reveals that the evidence was sufficient to establish that [Movant] caused [the victim's] death and that he acted with malice aforethought." *Id.* Defendants who collaterally attack their federal convictions may not raise grounds previously raised on direct appeal. *See United States v. Rocha*, 109 F.3d 225, 229-30 (5th Cir. 1997). "It is settled in this Circuit that issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 Motions." *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986) (citing *United States v. Jones*, 614 F.2d 80, 82 (5th Cir. 1980)). Movant is therefore not entitled to habeas relief on this claim, and it is denied.

## V. EVIDENTIARY HEARING

To the extent Movant seeks an evidentiary hearing before this court on his claims, no evidentiary hearing is required when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). A movant "is entitled to an evidentiary hearing on his § 2255 motion only if he presents 'independent indicia of the likely merit of [his] allegations.'" *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013) (citation omitted). Because Movant has failed to come forward with independent indicia in support of the likely merit of his claims, he has failed to demonstrate he is entitled to an evidentiary hearing.

## VI. CONCLUSION

For the foregoing reasons, Movant's *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, received on November 2, 2022 (doc. 1), is **DENIED** and this action is **DISMISSED WITH PREJUDICE**.

SO ORDERED this 5th day of June, 2024.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE